IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**RAY BROWN**,

        Plaintiff,

v.                                                                       No. CIV 10-0081 BB/ACT

**DANIEL MONTOYA,** *et al.***,**

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Daniel Montoya's and Defendant Joe R. Williams' (hereinafter "State Defendants") motion to reconsider (Doc. 42). Defendant Montoya is a probation officer for the State of New Mexico, Department of Corrections, Probation and Parole Division. Defendant Williams is the Secretary of Corrections for the State of New Mexico. The other Defendants in this matter are not parties to this motion. After considering all submissions of the parties and the applicable law, the Court will DENY the motion.

**Background**

State Defendants filed a motion to dismiss (Doc. 18), which this Court denied (Doc. 36). Subsequently, State Defendants appealed this Court's denial of the motion to dismiss. Doc. 39. Specifically, they appealed this Court's denial of qualified immunity. *Id.* While the appeal is pending, State Defendants then filed the instant motion for reconsideration. Doc 42. A hearing on the motion was held March 1, 2011.

**Jurisdiction**

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983, with underlying Fourteenth Amendment claims. This Court had original jurisdiction over the instant case pursuant to 28 U.S.C.

§ 1331 ("federal question jurisdiction"). This Court had supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as those claims "form part of the same case or controversy" over which this Court had original jurisdiction. However, this Court was divested of its jurisdiction over the instant suit when State Defendants appealed the denial of qualified immunity to the Tenth Circuit Appellate Court (Doc. 39).

**Discussion**

Plaintiff asserts that, pursuant to *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990), this Court was divested of jurisdiction over the instant suit when State Defendants filed the Notice of Appeal (Doc. 39). Doc. 47, p.2. Plaintiff correctly notes that an interlocutory appeal based on qualified immunity constitutes a final, appealable order. *Id.*; *Stewart*, 915 F.2d at 576. State Defendants argue the Court retains jurisdiction, because they only sought qualified immunity on Counts I-III of Plaintiff's complaint. Their instant motion to reconsider concerns the Court's decision regarding prospective relief–Counts IV and V.

"The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart*, 915 F.2d at 574 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). In some suits, the matter being appealed can be "carved out and isolated from the remainder of the case," so the district court retains jurisdiction over all but the appealed issue. *Id.* at 576.

> [A] motion to dismiss the entire proceeding based on a defense of . . . qualified immunity cannot be so isolated. If the defense is valid, then no part of the action should proceed against the defendant. In that regard, an interlocutory appeal from an order refusing to dismiss on . . . qualified immunity grounds relates to the entire action and,

>therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant. *Id.*

State Defendants' appeal is based on this Court's denial of qualified immunity. Doc. 39, p.1. Therefore, State Defendants' appeal divested this Court of jurisdiction over all but "peripheral matters unrelated to the disputed right not to have defend the prosecution or action at trial." *Stewart*, 915 F.2d at 576. Thus, this Court does not have jurisdiction to rule on State Defendants' subsequent motion to reconsider, as that motion pertains to a matter to which State Defendants' claim the "right not to have to defend." *See id.*; *see also State of Colo. v. Idarado Min. Co.*, 916 F.2d 1486, 1490 (10th Cir. 1990) (district court generally without jurisdiction to proceed when a party has made an interlocutory appeal from the denial of qualified immunity). Indeed, State Defendants sought and the Magistrate Judge granted a complete stay of all discovery until the immunity issue is resolved.

**Conclusion**

Pursuant to the foregoing, State Defendants' motion to reconsider will be DENIED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

**ORDER**

It is hereby ORDERED that State Defendants' motion to reconsider (Doc. 42) be, and hereby is, DENIED WITHOUT PREJUDICE.

3

Dated this 2nd day of March, 2011.

                                                                       BRUCE D. BLACK
                                                                       United States District Judge