IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RAY BROWN**,

        Plaintiff,

v.                                                                                          No. CIV 10-0081 BB/ACT

**DANIEL MONTOYA,** *et al.***,**

        Defendants.

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on a renewed motion to reconsider filed by Defendants Williams and Montoya (Doc. 58), as well as a motion by Plaintiff for leave to file an amended complaint (Doc. 69). The Court has considered the submissions of the parties and the applicable law, and for the reasons stated below will deny the renewed motion to reconsider and grant the request to file an amended complaint.

The parties are well aware of the relevant factual allegations and the procedural history of this case, so the Court will summarize these only briefly. Plaintiff has filed suit because even though he did not commit a sex crime, he allegedly has repeatedly been forced to register as a sex offender or been ordered to register as a sex offender, under threat of arrest should he fail to do so. Defendants Williams and Montoya filed a motion to dismiss which was denied in its entirety. They then appealed the denial of qualified immunity to the Tenth Circuit, which reversed the Court's decision in part and affirmed in part. Following issuance of the Tenth Circuit's mandate Defendants Williams and Montoya filed a renewed request for

reconsideration, asking this Court to dismiss, on mootness grounds, Plaintiff's claim for prospective or injunctive relief. While this motion was under consideration by the Court, Plaintiff filed his motion requesting leave to file an amended complaint. The Court will address these two motions separately, discussing the motion to amend first because the resolution of that issue has some bearing on the mootness issue raised by the Defendants Williams and Montoya.

**Motion for Leave to File Amended Complaint**

The Court must first point out that consideration of this motion has been more difficult than necessary due to the manner in which it was briefed. Plaintiff expended most of his efforts discussing issues such as the confusion caused by the Supreme Court's latest pronouncements on pleading matters, the State Defendants' alleged efforts to delay consideration of the merits of this case, and procedural questions such as the timeliness of motion to amend, the need for discovery, and Plaintiff's desire to "reserve" the right to amend the complaint yet again following such discovery.[1] Plaintiff did not, however, satisfactorily explain why the amended complaint was necessary and what the effect of the amended complaint would be. It would have been extremely helpful to the Court, for example, if Plaintiff had pointed out the differences between the original complaint and the proposed amended complaint, and explained the purposes behind the proposed changes. As it is, in order to avoid further delay in this case the Court engaged in its own analysis of the proposed changes and attempted to surmise the goals Plaintiff had in mind. To the extent the Court's analysis may not accurately reflect Plaintiff's intentions, that is the inevitable result of Plaintiff's inadequate explanation of those intentions.

---

[1] As Defendants have pointed out, no such "reservation" can be legally effective. At this stage of the proceedings, amending a complaint is a privilege, not a right, and will be allowed only by the Court's permission and only if circumstances warranting such action are present.

**1. Proposed Amendments Relevant to Plaintiff Ray Brown – New Defendants:**

Plaintiff requests permission to add Daniel Dougherty as a Defendant. Mr. Dougherty was allegedly a probation or parole officer who, in concert with Defendant Montoya, threatened Plaintiff with arrest if he failed to register as a sex offender and then forced him to quit his job and suffer other consequences of being wrongly labeled as a sex offender. Mr. Dougherty is named in the proposed amended complaint in his individual capacity, as is Defendant Montoya.

Defendants object to the addition of Mr. Dougherty as a defendant, arguing that Plaintiff must have known about his identity at the time the original complaint was filed. Defendants contend Plaintiff should not now be allowed to change any allegations in the original complaint if he could have made those allegations at the time the original complaint was filed. However, the Court notes the original complaint alleged generally that "Defendants" in plural required Plaintiff to comply with sex-offender requirements. The original complaint also named up to 50 John Doe Defendants, stating their names were not currently known. It appears, therefore, that upon further investigation, even without the benefit of discovery, Plaintiff has been able to identify at least one other probation or parole officer who allegedly participated in the denial of his due-process rights.[2] Defendants' objection is not well-taken. Furthermore, as Plaintiff points out, this case is still in its early stages with discovery not having commenced yet, thanks to the stay obtained by Defendants.

Leave to amend to identify additional Defendants should be freely granted when a case has not progressed to the point where such amendment would prejudice either the existing Defendants or the newly-named Defendant. *See, e.g., Taylor v. Goord*, 2010 WL 3825661 (N.D.

---

[2] Again, it would have been helpful to the Court if Plaintiff had explicitly pointed this out in his moving papers.

N.Y. 2010) (relying on Fed.R.Civ.P. 15 and 21 where plaintiff sought to amend to add defendants); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (leave to amend to add a party should be freely granted unless there is a showing of undue delay or undue prejudice, among other considerations).  Plaintiff will be allowed to add Mr. Dougherty as a Defendant in his individual capacity.

Plaintiff also seeks permission to add Gordon Eden as a defendant in his official capacity only, as Secretary of the New Mexico Department of Safety.  Presumably this request is based on certain additional facts alleged in the proposed amended complaint, claiming that law-enforcement databases in New Mexico still identify Plaintiff as a sex offender.  At this point the Court must accept these allegations as true, and they would appear to support injunctive or declaratory relief designed to correct the erroneous information contained in the databases.  The Secretary of the Department would appear to be in a position to order the actions that might be needed to obtain such correction.  Therefore, Plaintiff will be allowed to add Secretary Eden as a Defendant, in his official capacity only.

Plaintiff's final proposed change regarding parties is to substitute Mr. Gregg Marcantel, the present Secretary of the New Mexico Corrections Department, for Joe Williams, the former Secretary of that department.  It is standard practice to substitute an official-capacity defendant for another such defendant when there is a change in the status of a defendant holding public office.  In fact, such substitution occurs automatically under the civil-procedure rules governing this Court. *See* Fed.R.Civ.P. 25(d). This change will be allowed.

**2. Proposed Amendments Relevant to Ray Brown – Additional Facts:** Plaintiff's proposed amended complaint contains several factual allegations concerning events that have occurred since he filed his complaint.  These allegations, such as the claims that law-

enforcement databases still identify Plaintiff as a sex offender and that the individual Defendants continue to identify him as such to other law-enforcement personnel, are relevant to Plaintiff's assertion that Defendants are not complying with the state court's order that he not be treated as a sex offender.  Technically, when a plaintiff wishes to add allegations about post-complaint behavior by defendants, the pleading is termed a motion to supplement the complaint under Rule 15(d) rather than a motion to amend the complaint.  *See, e.g., Fowler v. Hodge*, 94 Fed.Appx. 710, 714 (10th Cir. 2004).  The terminology does not matter, though, because both types of motions are decided under the same standard.  *See id.*  Again, leave to amend should be freely granted unless such amendment will result in undue prejudice to Defendants.  *See Frank v. U.S. West, supra*.  Given the early stage of this litigation, and the fact that these allegations are directly relevant to Defendants' mootness argument, the Court will grant the request to amend or supplement the complaint with new factual allegations.

**3.  Proposed Amendments Relevant to Kenji Ausborn:**  Plaintiff requests permission to amend the complaint to add a new Plaintiff and two new Defendants, Ms. Susan Barela and Mr. Troy Ruplinger, in their individual capacities.  Would-be Plaintiff Ausborn has not made a claim for monetary damages; instead he requests only injunctive or other prospective relief.  The issue of joinder of plaintiffs is controlled by Rule 20 of the Federal Rules of Civil Procedure.  This rule creates a two-pronged test, allowing joinder of plaintiffs if their claims arise out of the same transaction or occurrence, or series of transactions or occurrences, and if there is at least one common question of law or fact linking their claims.  *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).

Plaintiff contends that his claims and Mr. Ausborn's claims arise out of the same series of occurrences because they all arise as a result of the practices, policies, and regulations of the

5

Departments of Corrections and Public Safety. The common questions of law and fact linking the claims, of course, are whether either Department's policies have led to violations of Plaintiff's or Mr. Ausborn's constitutional rights. Defendants object to the attempt to add Mr. Ausborn as a plaintiff, raising two main arguments: first, that adding Mr. Ausborn would be tantamount to appending a completely separate lawsuit onto Plaintiff's, since his claims involve different individual actors and different time frames; second, that Mr. Ausborn's claims are moot in any event and his joinder should be denied on futility grounds.

If Mr. Ausborn's proposed causes of action included claims for monetary damages, the Court would be inclined to agree with Defendants. Even where the requirements of Rule 20 have been met, a court has discretion to refuse joinder in the interests of judicial economy or avoiding prejudice to the parties. *See Acevedo, supra,* 600 F.3d at 521. This includes circumstances in which different witnesses and documentary proof would be required to prove each plaintiff's claims. *See id.*, p. 522. Any jury trial of Plaintiff's damage claims and monetary-damage claims brought by Mr. Ausborn would require the jury to hear completely different evidence concerning completely different defendants, which could easily lead to juror confusion.

However, in the absence of a damages request from Mr. Ausborn, the only issues requiring a trial will be his claim for declaratory or injunctive relief.[3] This claim is considered

---

[3]One of Defendants' briefs pointed out that Mr. Ausborn is attempting to name certain defendants in their individual capacities, and suggested this is inconsistent with his assertion that he is requesting only injunctive or other prospective relief. This suggestion is understandable, given a somewhat confusing statement made by the Tenth Circuit in a footnote in its *Brown v. Montoya* opinion. In this dicta the Tenth Circuit stated that "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." 662 F.3d 1152, 1161 n. 5. This assertion appears to be contrary to other Tenth Circuit cases and cases from other courts as well. *See, e.g., Clajon Prod. Corp. v. Petera*,

equitable in nature and will be tried to the Court rather than a jury, as will Plaintiff's similar claim.  *See, e.g., Leary v. Daeschner*, 349 F.3d 888, 911 (6th Cir. 2003).  In addition, the legal and factual background of Plaintiff's and Mr. Ausborn's claims for injunctive or other prospective relief appears to be quite similar, involving questions concerning Defendants' policies and procedures as well as, for example, the extent to which sex-offender status is actually eliminated from law-enforcement databases when such action is appropriate.  Finally, at this point the legal and factual issues raised by these claims appear amenable to resolution at the summary-judgment stage; it would seem that the nature of Defendants' policies and procedures, and the reasons Plaintiff and Mr. Ausborn allegedly continue to be directed to register as sex offenders, will largely be apparent from documentary evidence and perhaps deposition testimony.  Thus, the risk of trial confusion appears to be minimal.  In any event, trial of the different parties' claims can be severed if it comes to that.  The Court determines that judicial economy will be served if both Plaintiff's and Mr. Ausborn's claims for injunctive or other prospective relief are litigated together, and will grant the motion to amend to add Mr. Ausborn as a Plaintiff in this matter.

In doing so, the Court has not overlooked certain Defendants' suggestion that Mr. Ausborn's claims are moot, because he has finished serving his parole and is no longer under the jurisdiction of the Corrections Department.  However, for purposes of this motion the Court

---

70 F.3d 1566, 1571 (10th Cir. 1995) (under Supreme Court's well-known *Ex Parte Young* doctrine, state officials can be sued in their individual capacities for injunctive and declaratory relief); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997) (*Ex parte Young* is an exception to Eleventh Amendment immunity that allows lawsuits seeking declaratory and injunctive relief against state officers in their individual capacities).  The Court need not resolve this potential issue at this time, but notes that the mere fact that Mr. Ausborn names certain putative Defendants in their individual capacities will not be understood to be an assertion of claims for monetary damages.

accepts as true the factual allegations presented in the proposed amended complaint. According to those allegations, Plaintiff Ausborn continues to be required to register as a sex offender, as a result of the actions of Corrections Department employees as well as Bernalillo County Sheriff's Department employees. In addition, law-enforcement databases allegedly maintained by the Department of Public Safety, but based on information provided by the Corrections Department, allegedly continue to report that Plaintiff Ausborn is a sex offender. At this point it is unclear which Departments and which employees should be directed to provide relief to Plaintiff Ausborn, should such relief be warranted. However, it is clear that injunctive or declaratory relief will not be meaningless but instead has the potential to clear Plaintiff Ausborn's record of any and all references to sex-offender status, again assuming he is entitled to such action. Therefore, his claim for injunctive or other prospective relief is not moot. *See Chihuahuan Grasslands Alliance v. Kempthorne,* 545 F.3d 884, 891 (10th Cir.2008) (a case becomes moot when it is impossible to grant any effectual relief).

### Renewed Motion to Dismiss for Mootness

Defendants Williams (now Marcantel) and Montoya again argue that Plaintiff Brown's claims for injunctive or other prospective relief are moot. Their argument is primarily based on the fact that a state court judge has already ordered that Plaintiff Brown not be required to register as a sex offender, and he is no longer registered as such. These Defendants contend that the possibility they will disregard the state judge's order and require Plaintiff Brown to re-register as a sex offender is a mere theoretical possibility, and the chance it will come to fruition is so minimal it is not worth contemplating. In addition, Defendant Williams (now Marcantel) argues that even if the claim against Defendant Montoya is not moot, the claim against him is, as the Tenth Circuit has ruled that he should be dismissed from the case. This argument itself may

be moot, since the Tenth Circuit directed that individual-capacity claims against Defendant Williams be dismissed, and he is no longer an official-capacity party following the substitution of Defendant Marcantel. In other words, Defendant Williams is no longer a party to this case in any capacity. However, the Court will discuss the mootness question as it pertains to Defendant Marcantel in his official capacity.

The Court disagrees with Defendants' suggestion of mootness, especially considering the additional facts alleged in the proposed amended complaint. For some reason, Plaintiff Brown is allegedly still being directed to register as a sex offender and law-enforcement databases continue to report that he has sex-offender status. As is the situation with Plaintiff Ausborn, Plaintiff Brown would appear to be entitled to have his record cleared up entirely if sex-offender status is inaccurately reflected in his records. This is especially true given the state judge's order concluding he is not a sex offender. If the problem is emanating from the Corrections Department's policies or records, Defendant Marcantel may be an appropriate party, in his official capacity, to be subjected to an order granting injunctive or other prospective relief; it is standard practice to name a department Secretary as a defendant in cases implicating department-wide policies or practices. *See, e.g., Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227 (9th Cir. 2007). Since at this point it appears the Court may be able to grant Plaintiff Brown actual relief, his claim for injunctive or other prospective relief against Defendants Montoya and/or Marcantel is not moot.

**Conclusion**

Based on the foregoing discussion, Plaintiff's motion to amend his complaint (Doc. 69) will be granted, and Defendants Montoya and Marcantel's renewed motion to reconsider (Doc. 58) will be denied.

Dated this 21st day of May, 2012.

/s/ Bruce D. Black
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE