## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RAY BROWN and
KENJI AUSBORN,

        Plaintiffs,

vs.                                             Civ. No. 10-81 KJG/ACT

DANIEL MONTOYA, DANIEL DOUGHERTY,
SUSAN BARELA, TROY RUPLINGER,
LIZ AGUILAR, MANUEL GONZALES III,
in their individual capacities,
DAN HOUSTON, in his official capacity as
BERNALILLO COUNTY SHERIFF,
GREGG MARCANTEL, in his official capacity as
SECRETARY OF CORRECTIONS,
GORDON E. EDEN, JR., in his official capacity as
SECRETARY OF THE DEPARTMENT OF
PUBLIC SAFETY, and JOHN DOES 1-50,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Compel Answers and

Responses to Plaintiff Ray Brown's Second Set of Requests for Admission, Interrogatories, and

Requests for Production to Defendant Gordon E. Eden, Jr.; Plaintiff Ray Brown's Second Set of

Interrogatories and Requests for Production to Defendant Gregg Marcantel; and Plaintiff Ray

Brown's Third Set of Requests for Production to Defendant Dan Houston, filed August 19, 2013

("Motion to Compel"). [Doc. 156.] On September 3, 2013, Defendants Daniel Montoya, Susan

Barela, Troy Ruplinger, Secretary Gregg Marcantel and Secretary Gordon E. Eden ("State

Defendants") filed their Response ("State Response"). [Doc. 158.] On September 3, 2013,

Defendant Houston filed his Response ("Houston Response"). [Doc. 159.]  On September 16, 2013, Plaintiffs filed a Reply ("Reply"). [Doc. 160.]

**THIS MATTER** is also before the Court on the State Defendants' Motion for Leave to File a Surreply to Plaintiffs' Motion to Compel, filed November 19, 2013.  [Doc. 162.] On November 29, 2013, Plaintiffs filed their Response in Opposition. [Doc. 163.] On December 13, 2013, the State Defendants filed a Reply. [Doc. 164.]

Having considered the parties' submissions and the relevant law, the Court finds that Plaintiffs' Motion to Compel is **GRANTED IN PART and DENIED IN PART**.  The Court further finds that the State Defendants' Motion for Leave to File a Surreply is **DENIED AS MOOT.**

## I.  PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiffs' lawsuit arises in the context of several statutes that the State of New Mexico enacted to control the behavior of individuals designated as sex offenders. Plaintiffs each pleaded guilty to the criminal charges of false imprisonment and second-degree kidnapping, respectively.  They allege the Defendants violated their constitutional rights by unlawfully subjecting them to the provisions of the sex offender statutes.  The relevant statutory language and facts of this case are fully set out in *Brown, et al. v. Montoya, et al.,* 2013 WL 1010390 (D.N.M.)(Browning, J., March 8, 2013) and will not be repeated here except as necessary.

### A.    Judge Browning's Memorandum Opinion and Order

On March 8, 2013, the Honorable James Browning entered a Memorandum Opinion and Order addressing Plaintiffs' [First] Motion to Compel Answers and Responses to Plaintiffs' First Set of Requests for Admission, Interrogatories, and Requests for Production to Defendants

Montoya, Barela, Houston, Marcantel, and Eden. *Brown, et al. v. Montoya, et al.*, 2013 WL 1010390 (D.N.M.)(Browning, J., March 8, 2013). Prior to entering his Memorandum Opinion and Order, Judge Browning held a hearing on Plaintiffs' motion at which time Plaintiffs made their arguments regarding why they are requesting information about similarly-situated individuals who have been required to register as sex offenders based on false imprisonment and second-degree kidnapping convictions. Plaintiffs argued this information is relevant to determine (1) whether the Defendants consistently applied the same policies in classifying individuals convicted of false imprisonment and second-degree kidnapping as sex offenders; (2) who makes the decision to classify non-statutorily defined sex offenders as sex offenders for the purposes of SORNA; (3) whether there has been a change in policy or practice over time with respect to other offenders; (4) whether the Defendants who classified Plaintiffs as sex offenders acted with intent, as opposed to making a mistake or clerical error; (5) how the Defendants determine a victim's age when it is has not been admitted in a prior criminal proceeding; and (6) whether Plaintiffs need to amend their Complaint either to add additional defendants or plaintiffs. *Brown*, 2013 WL 1010390 at *13.

After hearing Defendants' objections, Judge Browning entered an oral order, and followed with a written order that states in pertinent part as follows:

> The Court concludes that the requests for files of other individuals convicted of false imprisonment and second-degree kidnapping are reasonably calculated to lead to the discovery of admissible evidence, because it appears there are many people involved in this process. The requests are also relevant to determine whether the correct individuals are named as defendants, and what policies are followed.

> . . .

> In this case, the files of other people convicted of false imprisonment and second-degree kidnapping are reasonably calculated to lead to discovery of admissible

evidence, because they can show how the Defendants classified similarly-situated people and if the Defendants followed their policies.

. . .

Thus, in the interest of fairness to both parties, and to see if the information the Plaintiffs seek can be found in the files, the Court believes that, before ordering full-blown production of all Defendants' records, requiring them to produce some of the files, but not all, strikes a balance between giving the Plaintiffs an opportunity to discover whether some files contain information that is reasonably calculated to lead to relevant information and denying all discovery because no file may lead to relevant information.

. . .

The Court orders, first, that the Defendants give a good-faith estimate of the size of the group of false imprisonment and second-degree kidnapping convictions required to register as sex offenders, because it will help determine the scope of discoverable material. When the Court asked the State Defendants at the hearing to estimate the amount of files, whether in the range of ten or a hundred, the State Defendants stated that they could not give a good-faith estimate, but would think that there could be as many as a hundred. . . . The Court also orders both the State and Houston to produce ten files for false imprisonment and ten files for second-degree kidnapping, from January 1, 2008, to December 31, 2010, and limited to Bernalillo County.

. . .

This initial, limited production should provide the Plaintiffs with an opportunity, other than their current ability to only look at the written policies, to search through material to determine who is responsible for deciding who will be required to register as a sex offender, if the right Defendants are being sued, and what policies are being followed. This limited, early production allows the Plaintiffs to determine if there is a consistent pattern, without the production of every file at this stage.

. . .

If these twenty files contains the information identifying individuals similarly situated to the Plaintiffs, as Plaintiffs are seeking, then the Plaintiffs can renew their motion, if appropriate, at a later time to compel the Defendants to produce more or all of the records that they are seeking.

*Brown*, 2013 WL 1010390 at **19-22.  The Court also agreed to take steps to protect the

identities of the registered sex offenders by allowing personal identifying information, including

names and addresses, to be redacted from the produced files.  *Id.*

      **B.**      **Plaintiffs' Motion to Compel**

              **1.**      **Identity of Similarly-Situated Individuals**

                      **a.**      **Plaintiffs' Argument**

In support of their  Motion to Compel addressed herein, Plaintiffs first argue that Judge

Browning already determined the relevance of Plaintiffs' requests for information about other

similarly-situated individuals who were classified as sex offenders based on convictions for false

imprisonment or second-degree kidnapping. [Doc. 156 at 4.] Plaintiffs explain that following the

entry of Judge Browning's Memorandum Opinion and Order, Defendant Houston attempted to

comply with the production of files, but was challenged by the restricted ability of the County's

sex-offender database to search in such a manner as to readily identify sex offenders with

convictions for only false imprisonment or second-degree kidnapping, as opposed to sex

offenders who were convicted of those offenses in addition to other, *bona fide* sex offenses.

[Doc. 156 at 5.] As a result, Plaintiffs argue that the information provided by Defendant Houston

was largely nonresponsive. [Id.] Plaintiffs contend that the State Defendants admitted they were

able to identify a total of 29 individuals classified as sex offenders based on a conviction for

false imprisonment, and 14 individuals classified as sex offenders based on a conviction for

second-degree kidnapping in Bernalillo County after January 1, 2007. [Doc. 156 at 6.]  Of these

43 individuals, the State Defendants produced only six files.  [Id.]

The Plaintiffs assert that the information produced thus far supports their objectives for

obtaining this discovery as articulated to the Court.  Therefore, because the files produced thus

far contain the information Plaintiffs are seeking, Plaintiffs subsequently submitted a second round of discovery requests to the State Defendants requesting files on all 43 of the individuals identified by the State Defendants who were classified as sex offenders based on convictions of either false imprisonment or second-degree kidnapping since January 1, 2007, and a third round of discovery requests on Defendant Houston asking the County to produce its records on the six individuals identified by the State Defendants. [Doc. 156 at 7.]   In response to Plaintiffs' second round of discovery requests to the State Defendants, the State Defendants objected to disclosing this information and produced nothing. [Id.]  In response to Plaintiffs' third round of discovery requests to Defendant Houston, Defendant Houston affirmed that each of the six individuals had registered as sex offenders, but objected to producing any registration or notification records. [Id.]

Plaintiffs are now asking this Court to compel the State Defendants and Defendant Houston to immediately answer, respond and produce the requested information regarding the 43 similarly-situated individuals "whose existence was disclosed in the prior discovery responses ordered by Judge Browning." [Doc. 156 at 8.] In addition to the expanded number of files, Plaintiffs are also asking that Judge Browning's order allowing the redaction of personal identifying information be overruled and that the names of the 43 individuals be disclosed. [Doc. 156 at 13.] Plaintiffs are additionally requesting that the time frame previously set by Judge Browning also be overruled, and that files produced include information from 2007 through the first half of 2013. [Id. at 12.]

As grounds for their expanded requests, Plaintiffs argue that the identities of the individuals are relevant because "disclosure serves to clarify the record and reduce the burden of responding to Plaintiffs' other discovery requests." [Doc. 156 at 16.] Plaintiffs assert that

disclosing the names of these 43 individuals will make it easier for the Defendants to search for additional records and avoid duplication of effort. [Id.]  Plaintiffs further argue that the identities of the sex offenders are not protected by any privilege. [Id. at 13-14.] Plaintiffs contend that were the Court to sustain Judge Browning's order allowing the redaction of names and addresses, that there is no justification for redacting case numbers from the records. [Id.]  With respect to their requested expanded timeframe, Plaintiffs argue that current information is important because "this case involves claims for declaratory and injunctive relief directed at a continuing, ongoing policy." [Doc. 156 at 12.] Finally, Plaintiffs contend that compelling production within an expanded timeframe would allow the Plaintiffs to chart whether the Defendants' practices have changed over time. [Id.]

**b.       State Defendants' Response**

The State Defendants state that they were in full compliance with Judge Browning's Order because upon review of their records, they determined that there were 43 individuals who had been required to register as sex offenders for the crimes of false imprisonment and kidnapping and provided that information to Plaintiffs. [Doc. 158 at 12.] Of that number, the State Defendants determined that "only a total of six individuals were required to register as sex offenders purely due to convictions for false imprisonment and second degree kidnapping of minors between 2008 and 2010." [Id.]  The State Defendants object to Plaintiffs' request for additional records arguing that the six records produced provide Plaintiffs with enough information to show how the Defendants classified similarly-situated individuals and if the Defendants followed their policies.  [Id.] The State Defendants contend that any potential relevance to producing more files is greatly outweighed by the undue burden it would place on State Defendants because it is entirely cumulative of earlier discovery.

The State Defendants further object to the providing the names of other sex offenders, arguing that their identities are irrelevant to the claims here, and only sought for the purpose of developing new claims and amounts to a fishing expedition.  [Doc. 158 at 15.] In addition, the State Defendants contend that they have a "reasonable desire to avoid divulging the names of the other non-reportable sex offenders to avoid their annoyance, embarrassment or oppression" and to do so could be a violation of their civil rights. [Id. at 17.]  They explain to the Court that individuals who are convicted of kidnapping or false imprisonment when the victim is a minor are required to register as sex offenders; however, those individuals are not statutorily subjected to the public disclosure of that information pursuant to N.M.S.A. 1978, § 29-11A-5.1. [Id.] As such, this information is deemed "not reportable" and is maintained in a law enforcement database not accessible by the public. [Id.]

c.   **Defendant Houston's Response**

Defendant Houston objects to producing sex offender registration and notification records for the individuals identified in Interrogatory No. 10 arguing that the "information sought by the Plaintiffs has nothing to do with the Plaintiffs' claims and is merely designed as a way to find additional parties to this litigation." [Doc. 159 at 3.]

2.   **Basis for Removal From Sex Offender List**

a.   **Plaintiffs' Argument**

Plaintiffs are requesting information regarding certain persons required to register as sex offenders based on a conviction for false imprisonment in Bernalillo County since January 1, 2007, who are no longer required to do so. [Doc. 156 at 20.] Plaintiffs argue this information is needed because SORNA does not prescribe any procedure for de-registering a person as a sex offender or canceling their registration and the information would shed light on what criteria,

8

procedures, or other considerations the Department of Public Safety Defendants use in their decision-making about whom to classify or declassify as sex offenders. [Id.]

<strong>b.      <u>States Defendants' Response</u></strong>

State Defendants contend that this request is irrelevant because both Plaintiffs are still required to register as sex offenders under the laws of the State of New Mexico. [Doc. 158 at 19.] Any rationale used to remove other offenders from the sex offender registries does not apply to the claims at issue here. [Id. at 20.]

<strong>3.      <u>Absconder Lists</u></strong>

<strong>a.      <u>Plaintiffs' Argument</u></strong>

Plaintiffs are asking this Court to compel the State Defendants to produce information regarding whether any of the 43 individuals identified were ever placed on an "absconder list" and to produce records containing those absconder lists.[1] [Doc. 156 at 21.]  Plaintiffs argue this information is relevant because it evidences that Plaintiffs and similarly-situated individuals are under a continuing threat of prosecution for disputing the requirement that they register as sex offenders. [Id. at 22.] Plaintiffs also argue that this information addresses issues of causation and communication among the different Defendants. [Id.]

<strong>b.      <u>State Defendants' Response</u></strong>

State Defendants object to the production of absconder lists as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. [Doc. 158 at 20.] They

---

[1] An "absconder list" is a document prepared by the Department of Public Safety that identifies individuals classified as sex offenders and whose records indicate they have not registered by December 31 of each calendar year.

argue that the purpose of these lists and why an individual would be placed on an absconder list have been fully described to Plaintiffs through deposition testimony. [Id.]

### 4.   <u>Plaintiff Kenji Ausborn's Prison File</u>

#### a.   <u>Plaintiffs' Argument</u>

Plaintiffs argue that because the State Defendants used exhibits from Plaintiff Ausborn's prison file that had not been produced when they took Plaintiff Ausborn's deposition, these documents are *per se* relevant and discoverble. [Doc. 156 at 23.]  Plaintiffs also assert this information is relevant to Plaintiffs' claims for declaratory and injunctive relief because Plaintiff Ausborn is currently facing non-sex offender criminal charges which could nonetheless subject him to special conditions of parole for sex offenders based on information in his file identifying him as a sex offender.  [Id.] Plaintiffs contend that the records may reveal communications among the Defendants that led to the decision to require Plaintiff Ausborn to register as a sex offender and to later prosecute him for allegedly failing to register. [Id. at 23-24.]

#### b.   <u>State Defendants' Response</u>

State Defendants object to the production Plaintiff Ausborn's prison file because it is irrelevant to his claims here. [Doc. 158 at 21.] State Defendants state that Plaintiff Ausborn is not seeking damage for the Department of Corrections action in requiring him to serve in the sex offender probation unit, and that his declaratory relief action against the Department of Corrections is moot because his parole has ended. [Id.] Finally, State Defendants assert that all documents not previously produced in their depositions of Plaintiff Ausborn have been produced. [Doc. 158 at 22.]

### 5.    Verification Pages and Privilege Logs

#### a.    Plaintiffs' Argument

Plaintiffs assert that Defendants have not provided signed verification pages regarding the interrogatories at issue here and asks this Court to compel them to do so. [Doc. 156 at 24.] Plaintiffs also assert that the States Defendants have claimed a "wide array of privileges," yet the only privilege log they have produced lists only one document to which Defendant Eden claims attorney-client privilege. [Id.] Plaintiffs ask this Court to summarily deny any claims of privilege based on the lack of a privilege log to support them. [Id. at 25.]

#### b.    State Defendants' Argument

State Defendants assert that they have produced signed verification pages and Plaintiffs must drop this portion from their Motion to Compel. [Doc. 158 at 22.] States Defendants further assert that any privileges they have asserted have been justified and a privilege log provided for its assertion of the attorney-client privilege. [Doc. 158 at 22.] State Defendants argue that 39 pages of proprietary National Crime Information Center documents were withheld from Plaintiff Brown's prison file because those documents are protected by the law enforcement privilege, which does not require the production of a privilege log. [Doc. 158 at 23.] State Defendants also argue that they have thoroughly described their rationale for keeping the identities of other registered sex offenders confidential and that no privilege log is needed. [Id.]

### 6.    Sanctions

Finally, Plaintiffs request that the Defendants be sanctioned for failing to comply with Judge Browning's Memorandum Opinion and Order, and for asserting objections to subsequent discovery that had already been expressly rejected in Judge Browning's Order. [Doc. 156 at 26-

11

27.] State Defendants argue that there exists legal support for all of their objections, and as such the Plaintiffs are not entitled to discovery sanctions against them. [Doc. 158 at 24.]

## II. RELEVANT LAW

### A. Scope and Relevance of Discovery

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Federal courts have held that the scope of discovery under Rule 26 is deliberately broad. "The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1974); *see Gomez v. Martin Marietta Corp*., 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matt*, 229 F.R.D. 649, 654 (D.N.M. 2004 (Browning, J.) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information.").

A district court is not, however, "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 43 Fed.Appx. 214, 217 (10th Cir. 2002)(unpublished). *See Tottenham v. Trans World Gaming Corp*., 2002 WL 1967023, at *2 (S.D.N.Y. 2002) (Knapp, J.) ("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.")(citation omitted)). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp*., 50 F.3d at 1520.

Courts have recognized that, while it is true that relevance in discovery is broader than that required for admissibility at trial, the "object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Electronics Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181, at *2 (N.D.Ill. 1998)(quoting *Piacenti v. General Motors Corp.*, 173 F.R.D. 221, 223 (N.D.Ill. 1997)). Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Courts have also recognized that "[t]he legal tenet that relevancy in the discovery content is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.*

Rule 26 was amended in 2000 to state that the material requested must be "relevant to the claim or defense of any party," and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). The Advisory Committee explained that the amendment was "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment (stating that the amendment was made with the intent "that the parties and the court focus on the actual claims and defenses involved in the action"). The Advisory Committee further explained:

> Under the amended provisions, if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved to determine whether the discovery is relevant to the claims or defenses, and if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible.

Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment.

B.     **Interrogatories and Requests for Production**

Rule 33 requires a party to answer an interrogatory "separately and fully . . ., unless it is objected to, in which event the objecting party . . . shall answer to the extent the interrogatory is not objectionable."  Fed. R. Civ. P. 33(b)(1).  Likewise, Rule 34 requires a party on whom a request for production is served to "state . . . that inspection and related activities will be permitted as requested, unless the request is objected to . . . .  If an objection is made to part of an item or category, that part shall be specified and inspection permitted of the remaining parts." Fed. R. Civ. P. 34(b).  Rule 33 also provides: "all grounds for an objection to an interrogatory shall be stated with specificity."  Fed. R. Civ. P. 33(b)(4).  "The burden is on the objecting party to show why an interrogatory is improper."  8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2173, at 291-92.  The objecting party is required to "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."  *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 519 (D.Kan. 2010)(quoting *Allianz Ins. Co. v. Surface Specialities, Inc.*, 2005 WL 44534, at *2 (D.Kan. Jan. 7, 2005)(unpublished opinion).

C.     **Requests for Admission**

Rule 36(a)(1) allows for a party to serve on any other party a request that the party admit "the truth of any matters within the scope of Rule 26(b)(1) relating to ... facts, the application of law to fact, or opinions about either...." Fed. R. Civ. P. 36(a)(1)(A). Requests for Admissions "expedite trials by establishing as true certain material facts of a case without the necessity of formal proof at trial." *Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir.1978) (citation omitted). The 1970 amendment to rule 36(a) deleted "relevant matters of fact," thus allowing

14

requests applying law to fact. Fed. R. Civ. P. 36, advisory committee note to the 1970 amendments ("As revised, the subdivision provides that a request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact. It thereby eliminates the requirement that the matters be 'of fact.' "). However, "[t]he amended provision does not authorize requests for admissions of law unrelated to the facts of the case." *Stark–Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M.2011) (Browning, J.)(quoting Fed.R.Civ.P. 36, advisory committee note to the 1970 amendments).

"[A] respondent must, if he or she cannot admit or deny [an RFA], state in detail why not." *Stark–Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. at 555. Rule 36(a)(4) provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed.R.Civ.P. 36(a)(4).

In all cases, respondents must either admit or specifically deny a request for admission, or state in detail why they cannot truthfully admit or deny it. *See* Fed. R. Civ. P. 36(a)(4); *Stark–Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. at 558.

## D.    <u>Motions to Compel</u>

Rule 37 provides enforcement mechanisms for Rules 33 and 34.  Federal Rule of Civil Procedure 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling

disclosure or discovery.  The motion must include a certification that the movant has in good

faith conferred or attempted to confer with the person or party failing to make disclosure or

discovery."  Additionally, if a party does not respond to an interrogatory or to a request for

production, the party requesting the discovery may move the Court to compel the opposing party

to respond.  See Fed. R. Civ. P. 37(a)(2)(B).  "[A]n evasive or incomplete disclosure, answer, or

response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).

### III.  ANALYSIS

### A.      Plaintiff Ray Brown's Motion to Compel as to Defendant Gordon E. Eden, Jr.

Plaintiffs' Motion to Compel regarding Request for Admission Nos. 5, 6, 7, 8, 9 and  10

as to Defendant Eden is **DENIED**.  In each of these Requests for Admission, Plaintiffs seek the

identification of similarly-situated individuals who have been required register as sex

offenders.  As an initial matter, State Defendant Eden complied with the requirements of Rule 36

in stating in detail why he cannot truthfully admit or deny these requests.  "[A] respondent must,

if he or she cannot admit or deny [an RFA], state in detail why not." *Stark–Romero v. Nat'l R.R.*

*Passenger Co. (AMTRAK)*, 275 F.R.D. at 555. Rule 36(a)(4) provides that "[i]f a matter is not

admitted, the answer must specifically deny it or state in detail why the answering party cannot

truthfully admit or deny it."  More importantly, the Court is not persuaded that the identification

of similarly-situated individuals is relevant to the Plaintiffs' stated purpose for obtaining this

information in the first place; *i.e.*, to determine (1) whether the Defendants consistently applied

the same policies in classifying individuals convicted of false imprisonment and second-degree

kidnapping as sex offenders; (2) who makes the decision to classify non-statutorily defined sex

offenders as sex offenders for the purposes of SORNA; (3) whether there has been a change in

policy or practice over time with respect to other offenders; (4) whether the Defendants who classified Plaintiffs as sex offenders acted with intent, as opposed to making a mistake or clerical error; and (5) how the Defendants determine a victim's age when it is has not been admitted in a prior criminal proceeding.  Furthermore,  the Court is equally unpersuaded that the privacy concerns of these individuals should be ignored for the sake of easing Plaintiffs' discovery challenges.  Finally, Judge Browning's Memorandum Opinion and Order specifically addressed Defendants' concerns regarding the potentially sensitive information contained in the files of similarly-situated individuals and ordered that personal identifying information, including names and addresses, be redacted.[2]  Given this Court's finding that the identities of similarly-situated individuals are not relevant to Plaintiffs' stated purpose for obtaining this information, this Court is not inclined to disturb Judge Browning's  ruling.  For these reasons, Plaintiffs' Motion regarding Request for Admission Nos. 5, 6, 7, 8, 9 and  10 as to Defendant Eden is **DENIED**.

**Interrogatory No. 7:**

Please identify the full name and year of birth of each of the fourteen persons who have been required to register as sex offenders in New Mexico after January 1, 2007, solely as a consequence of a second degree kidnapping conviction, and for each such person, please identify the full case number (including the district number) of the case in which that second degree kidnapping conviction arose, and the names of the individuals involved in imposing such requirements on those persons.

**Answer:**

Secretary Eden objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to admissible evidence. The information sought by this Request is not pertinent to the claims or defenses of either Ray Brown or Kenji Ausborn, as it concerns the identification of a non-party who was required to register as a sex offender. The Court specifically stated that identification of non-parties is unnecessary. Memorandum Opinion and Order of March 8, 2013 at 27. Secretary

---

[2]  Judge Browning also gave Defendants the option of producing the files under a confidentiality order if the redaction process proved to be too burdensome. [Doc. 133 at 38.]

Eden also objects on the grounds that an Answer to this Interrogatory also has the potential to lead to the identification of a sex offender whose sex offender status is not reportable.

Plaintiffs' Motion to Compel regarding Interrogatory No. 7 as to Defendant Eden is

**GRANTED IN PART**.  The Court is not persuaded that the identification of similarly-situated individuals is relevant to the Plaintiffs' stated purpose for obtaining this information in the first place; *i.e.*, to determine (1) whether the Defendants consistently applied the same policies in classifying individuals convicted of false imprisonment and second-degree kidnapping as sex offenders; (2) who makes the decision to classify non-statutorily defined sex offenders as sex offenders for the purposes of SORNA; (3) whether there has been a change in policy or practice over time with respect to other offenders; (4) whether the Defendants who classified Plaintiffs as sex offenders acted with intent, as opposed to making a mistake or clerical error; and (5) how the Defendants determine a victim's age when it is has not been admitted in a prior criminal proceeding.  Thus, to the extent Plaintiffs' request seeks identifying information of similarly-situated individuals, Plaintiffs' Motion to Compel is **DENIED**.

However, the Court finds that the names of the individuals involved in imposing the requirements of sex offender registration on similarly-situated individuals is relevant and reasonably calculated to lead to the discovery of admissible evidence because it can show who makes the decisions to classify non-statutorily defined sex offenders as sex offenders for the purposes of SORNA, how Defendants determine a victim's age, whether the Defendants followed consistent policies, and whether there has been a change in policy or practice over time.

Therefore, Defendant Eden is ordered to produce information regarding the names of individuals who were involved in imposing the requirements of sex offender registration on the

fourteen persons who have been required to register as sex offenders in New Mexico after

January 1, 2007, solely as a consequence of a second degree kidnapping conviction.

**Interrogatory No. 8:**

Please identify the full name and year of birth of each of the twenty-nine persons who have been required to register as sex offenders in New Mexico after January 1, 2007, solely as a consequence of a false imprisonment conviction, and for each such person, please identify the full case number (including the district number) of the case in which that false imprisonment conviction arose, and the names of the individuals involved in imposing such requirements on those persons.

**Answer:**

Secretary Eden objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to admissible evidence. The information sought by this Request is not pertinent to the claims or defenses of either Ray Brown or Kenji Ausborn, as it concerns the sex offender registration of a non-party. The Court specifically stated that identification of non-parties is unnecessary. Memorandum Opinion and Order of March 8, 2013 at 27. Secretary Eden also objects on the grounds that an Answer to this Interrogatory also has the potential to lead to the identification of a sex offender whose sex
offender status is not reportable.

Plaintiffs' Motion to Compel regarding Interrogatory No. 8 as to Defendant Eden is

**GRANTED IN PART**.  The Court is not persuaded that the identification of similarly-situated

individuals is relevant to the Plaintiffs' stated purpose for obtaining this information in the first

place; *i.e.*, to determine (1) whether the Defendants consistently applied the same policies in

classifying individuals convicted of false imprisonment and second-degree kidnapping as sex

offenders; (2) who makes the decision to classify non-statutorily defined sex offenders as sex

offenders for the purposes of SORNA; (3) whether there has been a change in policy or practice

over time with respect to other offenders; (4) whether the Defendants who classified Plaintiffs as

sex offenders acted with intent, as opposed to making a mistake or clerical error; and (5) how the

Defendants determine a victim's age when it is has not been admitted in a prior criminal

proceeding.  Thus, to the extent Plaintiffs' request seeks identifying information of similarly-situated individuals, Plaintiffs' Motion to Compel is **DENIED**.

However, the Court finds that the names of the individuals involved in imposing the requirements of sex offender registration on similarly-situated individuals is relevant and reasonably calculated to lead to the discovery of admissible evidence because it can who makes the decisions to classify non-statutorily defined sex offenders as sex offenders for the purposes of SORNA, how Defendants determine a victim's age, whether the Defendants followed consistent policies, and whether there has been a change in policy or practice over time

Therefore, Defendant Eden is ordered to produce information regarding the names of individuals who were involved in imposing the requirements of sex offender registration on the twenty-nine persons who have been required to register as sex offenders in New Mexico after January 1, 2007, solely as a consequence of a false imprisonment conviction.

**Interrogatory No. 9:**

For each person identified in your answers to Interrogatory Nos. 7 and 8 above who is no longer required to register as a sex offender, please state the principal and material reasons why he or she is no longer required to register and the date on which he or she was relieved of the requirement to register as a sex offender.

**Answer:**

Secretary Eden objects to this Interrogatory on the grounds that it refers to persons identified in Interrogatory Nos. 7 and 8. As set forth above, the Court specifically ordered that there was no need to identify the non-party individuals who were required to register as sex offenders, as this is irrelevant to Plaintiffs' claims in the present case. As a consequence, Secretary Eden is certainly not required to identify the individuals who were once required to register as sex offender, but are no longer required to do so.

Plaintiffs' Motion to Compel regarding Interrogatory No. 9 as to Defendant Eden is

**GRANTED IN PART**.  The Court finds that the manner in which it is determined that

20

similarly-situated individuals convicted of false imprisonment or second-degree kidnapping are no longer required to register as a sex offender is relevant and reasonably calculated to lead to the discovery of admissible evidence because it can show who makes the decisions that registration is no longer required, whether the Defendants followed consistent policies, and whether there has been a change in policy or practice over time.  The Court also finds that producing this information for forty-three individuals is not overly burdensome.  However, to the extent Plaintiffs' request seeks identifying information of similarly-situated individuals, Plaintiffs' Motion to Compel is **DENIED**.

Therefore, Defendant Eden is ordered to produce information regarding whether any of the forty-three similarly-situated individuals identified are no longer required to register as sex offenders and, if so, who made the decision, when the decision was made, and the principal and material reasons why the decision was made.

### Interrogatory No. 10:

Please state whether any of the persons identified in your answers to Interrogatory Nos. 7 and 8 has ever been placed on an "absconder list" of persons who have failed to comply with the requirements of the New Mexico Sex Offender Registration and Notification Act or are suspected of failing to comply with that Act, and for each list on which any of those person's names appear, please identify the date, author(s), and intended recipient(s) of that list.

### Answer:

Secretary Eden objects to this Interrogatory on the grounds that it refers to persons identified in Interrogatory Nos. 7 and 8. As set forth above, the Court specifically ordered that there was no need to identify the non-party individuals who were required to register as sex offenders, as this is irrelevant to Plaintiffs' claims in the present case. As a consequence, Secretary Eden is certainly not required to identify the individuals who were placed on an absconder list.

Plaintiffs' Motion to Compel regarding Interrogatory No. 10 as to Defendant Eden is

**GRANTED IN PART**.  The Court finds that the manner in which it is determined that

21

similarly-situated individuals convicted of false imprisonment or second-degree kidnapping and required to register as sex offenders are placed on an "absconder list" is relevant and reasonably calculated to lead to the discovery of admissible evidence because it can show who makes the decisions to place a sex offender on an "absconder list," whether the Defendants followed consistent policies, and whether there has been a change in policy or practice over time.  The Court also finds that producing this information for forty-three individuals is not overly burdensome.  However, to the extent Plaintiffs' request seeks identifying information of similarly-situated registered sex offenders, Plaintiffs' Motion to Compel is **DENIED**.

Therefore, Defendant Eden is ordered to produce information regarding whether any of the forty-three similarly-situated individuals identified were placed on an "absconder list" and, if so,  identify the date, author(s), and intended recipient(s) of that list.

### Request for Production No. 7:

Please produce the records on which the New Mexico Department of Public Safety or its employees or agents based the decision to identify the individuals identified in your answer to Interrogatory No.7 above as a "sex offender" or a person who is required to register as a "sex offender."

### Response:

Secretary Eden objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to admissible evidence. Secretary Eden was already ordered to produce these records for those persons required to register as sex offenders between 2008 and 2010, and has already produced them. The Court has held that a more substantial request for records was overbroad. The facts of the case have not changed so as to alter this holding.

Plaintiffs' Motion to Compel regarding Request for Production No. 7 as to Defendant Eden is **GRANTED IN PART**.  The Court finds that the files of similarly-situated individuals convicted of second-degree kidnapping and required to register as sex offenders are relevant and reasonably calculated to lead to the discovery of admissible evidence because they can show

who makes the decision to classify non-statutorily defined sex offenders as sex offenders for the purposes of SORNA, whether the Defendants followed consistent policies, and whether there has been a change in policy or practice over time.  The Court also finds that producing fourteen files is not overly burdensome and fits within the spirit and intent of Judge Browning's Memorandum Opinion and Order wherein he stated as follows:

> If these twenty files contain the information identifying individuals similarly situated to the Plaintiffs, as Plaintiffs are seeking, then the Plaintiffs can renew their motion, if appropriate, at a later time to compel the Defendants to produce more or all of the records that they are seeking.

*Brown*, 2013 WL 1010390, at *22.  However, to the extent Plaintiffs' request seeks identifying information of similarly-situated registered sex offenders, Plaintiffs' Motion to Compel is **DENIED**.

Therefore, Defendant Eden is ordered to produce the files of the fourteen persons who have been required to register as sex offenders in New Mexico after January 1, 2007, solely as a consequence of a second degree kidnapping conviction.  Defendant Eden is further ordered to redact all personal identifying information, including names, addresses, and case numbers.

**Request for Production No. 8**:

Please produce the records on which the New Mexico Department of Public Safety or its employees or agents based the decision to identify the individuals identified in your answer to Interrogatory No.8 above as a "sex offender" or a person who is required to register as a "sex offender."

**Response**:

Secretary Eden objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to admissible evidence. Secretary Eden was already ordered to produce these records for those persons required to register as sex offenders between 2008 and 2010, and has already produced them. The Court has held that a more substantial request for records was overbroad. The facts of the case have not changed so as to alter this holding.

Plaintiffs' Motion to Compel regarding Request for Production No. 8 as to Defendant Eden is **GRANTED IN PART**.  The Court finds that the files of similarly-situated individuals convicted of false imprisonment and required to register as sex offenders are relevant and reasonably calculated to lead to the discovery of admissible evidence because they can show who makes the decision to classify non-statutorily defined sex offenders as sex offenders for the purposes of SORNA, whether the Defendants followed consistent policies, and whether there has been a change in policy or practice over time.  The Court also finds that producing twenty-nine files is not overly burdensome and fits within the spirit and intent of Judge Browning's Memorandum Opinion and Order wherein he stated as follows:

> If these twenty files contains the information identifying individuals similarly situated to the Plaintiffs, as Plaintiffs are seeking, then the Plaintiffs can renew their motion, if appropriate, at a later time to compel the Defendants to produce more or all of the records that they are seeking.

*Brown*, 2013 WL 1010390, at *22.  However, to the extent Plaintiffs' request seeks identifying information of similarly-situated registered sex offenders, Plaintiffs' Motion to Compel is **DENIED**.

Defendant Eden is ordered to produce the files of the twenty-nine persons who have been required to register as sex offenders in New Mexico after January 1, 2007, solely as a consequence of a false imprisonment conviction.  Defendant Eden is further ordered to redact all personal identifying information, including names, addresses, and case numbers.

**Request for Production No. 9:**

> Please produce the records on which the New Mexico Department of Public Safety or its employees or agents based the decision to relieve the individuals identified in your answer to Interrogatory No.9 above of the requirement that they be identified as a "sex offender" or a person who is required to register as a "sex offender."

**Response**:

Secretary Eden objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to admissible evidence. Secretary Eden was already ordered to produce these records for those persons required to register as sex offenders between 2008 and 2010, and has already produced them. The Court has held that a more substantial request for records was overbroad. The facts of the case have not changed so as to alter this holding.

Plaintiffs' Motion to Compel regarding Request for Production No. 9 as to Defendant Eden is **GRANTED IN PART**. The Court finds that the manner in which it is determined that similarly-situated individuals convicted of false imprisonment or second-degree kidnapping are no longer required to register as sex offenders is relevant and reasonably calculated to lead to the discovery of admissible evidence because it can show who makes the decisions that registration is no longer required, whether the Defendants followed consistent policies, and whether there has been a change in policy or practice over time. The Court also finds that producing this information for forty-three individuals is not overly burdensome. However, to the extent Plaintiffs' request seeks identifying information, Plaintiffs' Motion to Compel is **DENIED**.

Defendant Eden is ordered to produce records for any of the forty-three similarly-situated individuals identified who are no longer required to register as sex offenders. Defendant Eden is further ordered to redact all personal identifying information, including names, addresses, and case numbers of the former registered sex offenders.

**Request for Production No. 10**:

Please produce the records containing any "absconder lists" of persons who have failed to comply with the requirements of the New Mexico Sex Offender Registration and Notification Act or are suspected of failing to comply with that Act that you identified in response to Interrogatory No. 10 above, including the records which identify the date, author(s), and intended recipient( s) of those lists.

**Response**:

Secretary Eden objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to admissible evidence. The absconder lists contain the names of non-parties, which are not discoverable under the Court's Order of March 8, 2013. Moreover, the absconder lists may contain the names of sex offenders who have committed non-reportable offenses.

Plaintiffs' Motion to Compel regarding Request for Production No. 10 as to Defendant Eden is **GRANTED IN PART**.  The Court finds that the manner in which it is determined that similarly-situated individuals convicted of false imprisonment or second-degree kidnapping and required to register as sex offenders are placed on an "absconder list" is relevant and reasonably calculated to lead to the discovery of admissible evidence because it can show who makes the decisions to place a sex offender on an "absconder list," whether the Defendants followed consistent policies, and whether there has been a change in policy or practice over time.  The Court also finds that producing this information for forty-three individuals is not overly burdensome.  However, to the extent Plaintiffs' request seeks identifying information of similarly-situated registered sex offenders, Plaintiffs' Motion to Compel is **DENIED**.

Defendant Eden is ordered to produce records for any of the forty-three similarly-situated individuals identified were placed on an "absconder list."  Defendant Eden is further ordered to redact all personal identifying information, including names, addresses, and case numbers of the absconding sex offenders.

B.      **Plaintiff Ray Brown's Motion to Compel as to Defendant Gregg Marcantel**

**Interrogatory No. 8**:

Please identify whether any of the fourteen persons who have been required to register as sex offenders in New Mexico after January 1,2007, solely as a consequence of a second degree kidnapping conviction have ever been placed on special conditions of probation or parole for sex offenders, and for each person so identified, please state the dates on which such special conditions of probation or

26

parole for sex offenders were imposed, the name, position, and address of the person who imposed those conditions, and the name, position, and address of the probation or parole officer(s) assigned to supervise those conditions.

**Answer:**

Secretary Marcantel objects to this Interrogatory, as it is irrelevant and not reasonably calculated to lead to admissible evidence. The identities of any persons required to serve special conditions of probation or parole for sex offenders has no bearing on the claims of either Plaintiff. The Court has already held the Defendants are not required to reveal the identities of non-parties. Subject to, and without waiving this objection, Secretary Marcantel states that Plaintiff Brown had been required to serve probation subject to the special conditions for sex offenders, but has been removed from these conditions pursuant to an order of the state court, and has had his probation revoked for unrelated reasons, and is currently serving the balance of his sentence in prison. Plaintiff Ausborn was required to serve his parole subject to the special conditions for sex offenders, but he has completed his parole.

Plaintiffs' Motion to Compel regarding Interrogatory No. 8 as to Defendant Marcantel  is

**GRANTED IN PART**.  The Court finds that the manner in which it is determined that

similarly-situated individuals convicted of second-degree kidnapping are placed on special

conditions of probation or parole is relevant and reasonably calculated to lead to the discovery of

admissible evidence because it can show who makes the decisions that special conditions apply,

whether the Defendants followed consistent policies, and whether there has been a change in

policy or practice over time.  The Court also finds that producing this information for fourteen

individuals is not overly burdensome.  However, to the extent Plaintiffs' request seeks

identifying information of similarly-situated individuals, Plaintiffs' Motion to Compel is

**DENIED**.

Therefore, Defendant Marcantel is ordered to produce information regarding whether any

of the fourteen similarly-situated individuals identified were placed on special conditions of

probation or parole solely as a consequence of a second degree kidnapping conviction, and for

each person so identified, state the year in which such special conditions of probation or parole

for sex offenders were imposed, and the name, position, and address of the person who imposed those conditions.

**Interrogatory No. 9:**

Please identify whether any of the twenty-nine persons who have been required to register as sex offenders in New Mexico after January 1,2007, solely as a consequence of a false imprisonment conviction have ever been placed on special conditions of probation or parole for sex offenders, and for each person so identified, please state the dates on which such special conditions of probation or parole for sex offenders were imposed, the name, position, and address of the person who imposed those conditions, and the name, position, and address of the probation or parole officer(s) assigned to supervise those conditions.

**Answer:**

Secretary Marcantel objects to this Interrogatory, as it is irrelevant and not reasonably calculated to lead to admissible evidence. The identities of any persons required to serve special conditions of probation or parole for sex offenders has no bearing on the claims of either Plaintiff. The Court has already held the Defendants are not required to reveal the identities of non-parties. Subject to, and without waiving this objection, Secretary Marcantel states that Plaintiff Brown had been required to serve probation subject to the special conditions for sex offenders, but has been removed from these conditions pursuant to an order of the state court, and has had his probation revoked for unrelated reasons, and is currently serving the balance of his sentence in prison. Plaintiff Ausbourn was required to serve his parole subject to the special conditions for sex offenders, but he has completed his parole.

Plaintiffs' Motion to Compel regarding Interrogatory No. 9 as to Defendant Marcantel is

**GRANTED IN PART**. The Court finds that the manner in which it is determined that

similarly-situated individuals convicted of false imprisonment and required to register as sex

offenders are placed on special conditions of probation or parole is relevant and reasonably

calculated to lead to the discovery of admissible evidence because it can show who makes the

decisions that special conditions apply, whether the Defendants followed consistent policies, and

whether there has been a change in policy or practice over time. The Court also finds that

producing this information for twenty-nine individuals is not overly burdensome. However, to

the extent Plaintiffs' request seeks identifying information of similarly-situated individuals, Plaintiffs' Motion to Compel is **DENIED**.

Therefore, Defendant Marcantel is ordered to produce information regarding whether any of the twenty-nine similarly-situated individuals identified were placed on special conditions of probation or parole solely as a consequence of a false imprisonment conviction, and for each person so identified, state the year in which such special conditions of probation or parole for sex offenders were imposed, and the name, position, and address of the person who imposed those conditions.

### Request for Production No. 6:

Please produce the records identifying the basis on which the New Mexico Corrections Department or its employees or agents decided to placed [sic] the individuals identified in your answer to Interrogatory No. 7 above on special conditions of probation or parole for sex offenders, and the person(s) making such decisions.

### Response:

Secretary Marcantel objects to this Request on the grounds that it is vague, irrelevant and not reasonably calculated to lead to admissible evidence. Without waiving this objection, Secretary Marcantel states that Interrogatory No. 7 did not seek the identities of persons required to register as sex offenders. Rather, it concerned communications with the Delancey Street Center.

Plaintiffs' Motion to Compel regarding Request for Production No. 6 as to Defendant Marcantel is DENIED without prejudice.  Plaintiffs did not submit Interrogatory No. 7 with their Motion to Compel.  Therefore, it is unclear to the Court what Plaintiffs are requesting here.

### Request for Production No. 7:

Please produce the records identifying the basis on which the New Mexico Corrections Department or its employees or agents decided to place the individuals identified in your answer to Interrogatory No. 8 above on special conditions of probation or parole for sex offenders, and the persons(s) making such decisions.

29

**<u>Response</u>:**

Secretary Marcantel objects to this Request on the grounds that it is irrelevant and not reasonably calculated to lead to admissible evidence. As noted in the Answer to Interrogatory No.8, the identities of any persons, other than parties, required to serve special conditions of probation or parole for sex offenders has no bearing on the claims of either Plaintiff. The Court has already held the Defendants are not required to reveal the identities of non-parties. Further, Secretary Marcantel objects to the Request as overbroad and unduly burdensome. The Court limited the production of documents regarding non-parties to redacted documents pertaining to persons required to register as sex offenders between 2008 and 2010 in Bernalillo County.

Plaintiffs' Motion to Compel regarding Request for Production No. 7 as to Defendant Marcantel is **GRANTED IN PART**. The Court finds that the manner in which it is determined that similarly-situated individuals convicted of second-degree kidnapping and required to register as sex offenders are placed on special conditions of probation or parole is relevant and reasonably calculated to lead to the discovery of admissible evidence because it can show who makes the decisions that special conditions apply, whether the Defendants followed consistent policies, and whether there has been a change in policy or practice over time. The Court also finds that producing this information for fourteen individuals is not overly burdensome. However, to the extent Plaintiffs' request seeks identifying information of similarly-situated individuals, Plaintiffs' Motion to Compel is **DENIED**.

Therefore, Defendant Marcantel is ordered to produce records for any of the fourteen similarly-situated individuals identified who were placed on special conditions of probation or parole solely as a consequence of a false imprisonment conviction. Defendant Marcantel is further ordered to redact all personal identifying information, including names, addresses, and case numbers of the similarly-situated individuals.

30

**Request for Production No. 9:**

Please produce Plaintiff Kenji Ausbom's "PRISON" file including all documents in the files from which any exhibits to Mr. Ausbom's deposition originated.

**Response:**

Secretary Marcantel objects to this Request for Production on the grounds that it refers to a deposition that has not yet occurred. Secretary Marcantel further objects to this request insofar as it may seek confidential and privileged information from NCIC and similar sources. Moreover, any information regarding Mr. Ausborn's imprisonment or conditions of parole are irrelevant to the present litigation. Mr. Ausborn's claims regarding his conditions of probation are moot, as his parole has ended, and he only asserts claims for injunctive relief regarding the conditions of parole. Mr. Ausborn's claims for damages stem solely from Bernalillo County's requirement that he register as a sex offender, and his failure to comply with this registration requirement. This registration requirement is solely based on information regarding Plaintiff Ausborn's kidnapping in the possession of Bernalillo County Sheriff's Office.

Plaintiffs' Motion to Compel regarding Request for Production No. 9 as to Defendant Marcantel is **GRANTED IN PART**. The Court finds that the Defendants have constructively conceded relevancy of any documents used as exhibits from Plaintiff Ausborn's prison file in the taking of his deposition. However, the Court is not persuaded that production of his entire file is relevant to the claims here.

Therefore, to the extent Defendant Marcantel has not already done so, Defendant Marcantel is ordered to produce any exhibits to Plaintiff Ausborn's deposition originating from his prison file.

C.    **Plaintiff Ray Brown's Motion to Compel as to Defendant Dan Houston**

**Request For Production No. 10:**

Please produce a copy of all sex-offender registration and notification records in your possession, custody, or control regarding the individuals listed in Interrogatory No. 10.

**<u>Response</u>**:

> The Defendants object to this Request as unduly burdensome, overbroad and harassing and seeking information that is not relevant, nor discoverable, nor reasonably calculated to lead to the discovery of admissible evidence in that it seeks information that is not at issue in this matter.

Plaintiffs' Motion to Compel regarding Request for Production No. 10 as to Defendant Houston is **DENIED.** The Court has repeated throughout this Memorandum Opinion and Order that it will not grant Plaintiffs' Motion to Compel to the extent it seeks identifying information of similarly-situated registered sex offenders. The Court finds that Plaintiffs' Request for Production No. 10 as to Defendant Houston essentially seeks an admission from Defendant Houston that the individuals they have listed by name in Interrogatory No. 10 are in fact similarly-situated individuals who have been required to register as sex offenders. The Court is not persuaded that the identification of similarly-situated individuals is relevant to the Plaintiffs' stated purpose for obtaining this information in the first place; *i.e.*, to determine (1) whether the Defendants consistently applied the same policies in classifying individuals convicted of false imprisonment and second-degree kidnapping as sex offenders; (2) who makes the decision to classify non-statutorily defined sex offenders as sex offenders for the purposes of SORNA; (3) whether there has been a change in policy or practice over time with respect to other offenders; (4) whether the Defendants who classified Plaintiffs as sex offenders acted with intent, as opposed to making a mistake or clerical error; and (5) how the Defendants determine a victim's age when it is has not been admitted in a prior criminal proceeding. Furthermore, the Court is equally unpersuaded that the privacy concerns of these individuals should be ignored for the sake of easing Plaintiffs' discovery challenges.

For these reasons, Plaintiffs' Motion regarding Request for Production No. 10 as to Defendant Houston is **DENIED**.

### D.   Verification Pages and Privilege Logs

Plaintiffs' Motion to Compel regarding its request for Verification Pages is **DENIED AS MOOT** based on Defendants' representation that signed verification pages have been produced. Plaintiffs' Motion to Compel requesting this Court to deny any claims of privilege based on the lack of a privilege logs to support them is **DENIED.**

### E.   Sanctions

Plaintiffs' request regarding sanctions is **DENIED.** Here, the Plaintiffs' Motion to Compel is granted in part and denied in part.  Thus, the Court cannot say that the Defendants' nondisclosure or objections were not substantially justified.  Therefore, the Court will deny Plaintiffs' request for sanctions.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel [Doc. 156] is **GRANTED IN PART and DENIED IN PART** as set forth above.  The parties will have thirty (30) calendar days from the filing of this order to comply.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File a Surreply [Doc. 162]  is **DENIED AS MOOT**.


_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**

33